In the Matter of the Application of GEORGE H. FELTNER, Committee of the Person and Property of AUGUSTA F. FELTNER, an Incompetent Person, Respondent, for a Mandamus Order against TEACHERS' RETIREMENT BOARD, Appellant.

First Department, April 29, 1932.

*Willard S. Allen* of counsel [*J. Joseph Lilly* and *William E. C. Mayer* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant.

*Anna Moscowitz Kross* of counsel [*Joseph H. Kohan* with her on the brief; *Anna Moscowitz Kross*, attorney], for the respondent.

MARTIN, J. The mandamus order herein appealed from requires the defendant teachers' retirement board to act upon the application for disability retirement alleged to have been filed by the incompetent and by the petitioner in her behalf, or show cause why the order should not be obeyed.

Augusta F. Feltner, the incompetent, was placed in the Hudson River State Hospital for the Insane on or about December 31, 1930, under an order of commitment made by the County Court of Columbia county on December 30, 1930, adjudging her to be insane.

The petition alleges that the incompetent, having completed ten or more years of city service creditable to her for retirement purposes under the Teachers' Retirement Law (Greater New York Charter, § 1092), purported to elect to receive her retirement allowance at a lesser sum on her selection of option No. 1, subdivision O of the Teachers' Retirement Law. It is then alleged in paragraph 10 of the petition: " That at the time the aforenamed Augusta F. Feltner executed the application for disability retirement and the selection of benefits under Option No. 1, *she was physically and mentally disabled.*"

This appeal requires the determination of two questions of law:

1. Could Augusta F. Feltner prior to the appointment of a committee of her property and person, though adjudged insane and committed to an institution for the insane, execute and file an application for retirement under subdivision L of section 1092 of the Greater New York Charter, and in such application select one of the options enumerated in subdivision O of said section? and

2. Could the committee of the person and property of Augusta F. Feltner, subsequent to his appointment, ratify and confirm the application filed by Augusta F. Feltner and the selection of the option exercised by her?

Incompetent persons are wards of the court. It is the duty of the court to protect them. In *Sporza* v. *German Savings Bank* (192 N. Y. 8), HAIGHT, J., said: " Jurisdiction is inherent in the State over unfortunate persons within its limits who are idiots or have been deprived of the use of their mental faculties. It is its duty to protect the community from the acts of those persons who

are not under the guidance of reason, and also to protect them, their persons and property from their own disordered and insane acts."

At page 21 the court said: " * * * she has become a ward of the State and is confined in a State hospital presided over by expert physicians who can have no motive for her detention other than that which is necessary for her benefit. She is in the custody of the State, itself, whose policy is to care for and protect her and if possible to cure her of her disease. The State stands in the place of the king. Its power is supreme. True, it acts through officers of the State duly appointed and these officers may transcend their powers and duties. But if they do, the courts, which the State has created, are always open to restrain the unauthorized acts of such officers and preserve her constitutional rights. A person afflicted with a disordered mind is not a criminal, nor are proceedings instituted to commit such person to an asylum criminal proceedings." ·

The authorities hold that some of the acts of an incompetent prior to the appointment of a committee are binding and enforcible, unless such acts are thereafter disaffirmed by the committee. Other acts have been held not binding or enforcible.

In *Finch* v. *Goldstein* (245 N. Y. 300) the court said: " Until the appointment of a committee neither the State nor any one else has any power or control over his property or any authority to act in his behalf. He alone remains in possession of his property and can dispose of it. If as a fact he be incompetent at the time he acts, his transactions may be set aside at his election either by himself or by a committee subsequently appointed. His acts before the appointment of a committee are thus voidable, not void."

· In *Matter of Cary* v. *Teachers' Retirement Board* (227 App. Div. 695) this court affirmed an opinion of the Special Term which held that a committee of an incompetent person had no right to exercise an option which failed to give to the incompetent the greatest possible benefits. In that case the committee of the incompetent sought to do what the committee of the incompetent in this case seeks to accomplish.

We have here under consideration the right of a person who has been declared to be insane to exercise, while insane, an option which is not to her best interests, but which, in the event of her death, may be most beneficial to her relatives. The incompetent while an inmate of an asylum for the insane has attempted to exercise an option which is against her own interests. Since that time a committee has been appointed who desires to ratify the option alleged to have been made by the incompetent. Our duty is to protect the incompetent by directing the exercise of that

option which will be most advantageous to the incompetent and to require those acting in her behalf to consider her interests only.

The appellant agrees with that proposition and says that the teachers' retirement board desires to retire the said incompetent person for mental disability on the basis of a maximum annual retirement allowance, which in this case would amount to the sum of $1,113.23 per annum. Neither the committee of an incompetent nor the incompetent person, during the continuance of the incompetency should be permitted to accept any allowance or take any steps which will deprive the incompetent of the largest benefits obtainable under the law. We believe that the power given to the appellant teachers' retirement board on the application for the retirement of the incompetent Augusta F. Feltner, under the application referred to in the petition and answer herein, imposed a duty on that board to protect the incompetent contributor by giving her the largest allowance permissible during her lifetime in a case of retirement for such disability.

The answering affidavit of Doctor Mary Dunning Rose states that the incompetent is suffering from dementia præcox, and that she may live for a number of years. It is important, therefore, that all her property, if necessary, be used for her support, maintenance and care, while an inmate of the State hospital or a patient in a private institution. The committee is charged with the duty of providing for the care of the incompetent during her lifetime by the proper use of her estate and all moneys received from a retirement allowance or any other source.

In *Matter of Colah* (3 Daly, 529), also reported as *Parsee Merchant's Case* (11 Abb. Pr. [N. S.] 209), Chief Judge DALY reviewed the American decisions and the English law respecting idiots and lunatics, and said: " Justice HARRIS has said, in *John Mason's Case* (1 Barb. 436, 441) that, as our statute has conferred this jurisdiction ' without restriction or limitation, the manner in which the control thus given is to be exercised [by the court] is entirely a matter of discretion.' Which, however, must be understood with this qualification, that it is a discretion regulated and restricted by certain rules and principles that have always been acted upon both in this country and in England."

The learned chief judge then set forth the obligation of the court with respect to an incompetent or his estate. He said: " His interest is the chief consideration." The rule with reference to heirs or next of kin is then stated, as follows: " Nor will the interest of heirs or next of kin be at all considered in any outlay that may be made for his comfort or benefit or in determining what is most conducive to his interest, either in the care of his person or in the management of his estate. * * *

" The court is empowered to do whatever is best for the lunatic himself, without any regard to the effect it may have upon the ultimate interests of others."

In *Matter of Reed* (22 App. Div. 328; affd., 160 N. Y. 702) the principle was restated that the paramount concern of the court was the protection of the interests of the lunatic.

In this case the incompetent may be discharged from the hospital at any time. If the court does not protect her interests, she may then find herself in need. Although persons suffering from such maladies have often been considered incurable, there are known cases where complete recoveries have been effected after a short period of treatment.

The questions here involved may be fully considered when the proceeding is before the court for final determination at which time the court will be in a position to properly protect the rights of the incompetent.

The order should be affirmed, with ten dollars costs and disbursements.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.