Leslie M. PRICKETT, Guardian of
Mamie Prickett, Appellee,

v.

Carole MOORE and George Moore,
Husband and Wife, Appellants.

No. 59198.

Supreme Court of Oklahoma.

July 24, 1984.

Jerry Earl Benson, Morgan, Morgan & Benson, Watonga, for appellants.

H.G. Tolbert, Watonga, for appellee.

OPALA, Justice:

The dispositive issue on certiorari is: Where a joint tenancy estate is held by an incompetent ward with one who is *sui juris,* may the authority to sever the estate by partition and sale be conferred on the guardian in the guardianship case without giving advance notice to the competent tenant and affording her an opportunity to oppose the quest for termination of the joint-ownership regime in the asset?

 We answer in the negative and hold that (1) unlike a *sui juris* joint tenant, neither an incompetent joint tenant nor his guardian may effectively elect to partition a joint estate; (2) the trial court, *sitting in guardianship,* (a) may authorize the guardian to bring suit to partition upon a

showing of necessity therefor and, if partition be authorized, the court (b) may then determine, whether, upon sale, the joint tenancy should be terminated or ordered continued in the proceeds of the sale; and (3) due process inexorably commands that before the guardian is given authority to bring a suit either to partition in kind or by sale, or otherwise to terminate the joint estate in the land or in the proceeds, the other tenant or tenants be afforded both adequate notice and meaningful opportunity to oppose the proposed action and the severance of their interest in the property.

The real estate in this suit, purchased with the incompetent ward's funds when she was still *sui juris,* had been occupied by her as a home. It stood of record in her name and that of her granddaughter as joint tenants. When these proceedings were commenced, the ward's son was serving as her guardian. The property in suit was then unoccupied because the ward had abandoned her residence there.

Judicial process here under review came to be initiated in the guardianship proceedings. The guardian sought *authority to bring suit to partition the joint tenancy estate because the house on the premises was vacant and deteriorating. By an *ex parte* order issued the day his application was filed in the case the court authorized the bringing of a partition suit. *The granddaughter received notice neither of the guardian's application nor of the order authorizing partition.* The guardian then brought suit to partition the land. The trial court granted a partition decree *on the pleadings* and ordered the joint estate *severed* by sale.

The granddaughter appealed. She contended that the guardian was handling the estate to serve his own personal interest, not that of the ward. Her argument was that the house was deteriorating only because the guardian was derelict in his duty to maintain and manage the property.

The Court of Appeals reversed. It held that a guardian cannot vary or change the form of ownership in which the ward's property is held so as to effect an alteration in the legal succession thereto where the guardian is an heir of the ward and would stand to inherit as a result of the change, unless partition is necessary for the maintenance of an incompetent ward. It also held that the decision to seek partition is an exercise of personal discretion which the guardian may not make in the absence of a showing of necessity for the maintenance of the ward. We granted certiorari on the guardian's petition and now vacate the opinion of the Court of Appeals.

## I

■■■ Dispositive of this appeal is the trial court's failure, in the guardianship case, to give notice to the granddaughter, as joint tenant, of the guardian's application for authority to partition the estate. The order authorizing partition—issued after an *ex parte* proceeding the same day the application was filed—*is void on its face.* It deprives the competent joint tenant of the opportunity, legally affordable her in guardianship *only,* to oppose both the sale of the jointly-held asset and the attempted severance of the estate in specie and in the proceeds. The granddaughter clearly was a necessary party to the proceeding on the guardian's application. This is so because her status as a joint tenant with right of survivorship was sought to be adversely affected.[1] A guardian who seeks authority to sell a joint-tenancy asset of his ward is required by the minimum standards of due process to give due notice to the other joint tenant whose interest is to be affected and the court must afford that party a hearing. The antecedent guardianship order authorizing partition, facially void for lack of notice, clearly is

---

1. Before a person's property right may be adversely affected, notice and opportunity to contest must be given. *Bomford v. Socony Mobil Oil Co.,* Okl., 440 P.2d 713, 718 [1968]; *Mullane* *v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 [1950]; see also *Application of Tubbs,* Okl., 620 P.2d 384, 385–388 [1980].

vulnerable here to a collateral attack by the granddaughter.[2]

## II

Because this cause must be remanded for further proceedings in guardianship, to take place anterior to the commencement of another suit for partition, we call attention to certain equitable principles that should guide the trial court in its actions upon remand.

Before a partition suit may be instituted, *two* issues must first be addressed and resolved by the court in the guardianship case: (1) Should the joint-tenancy estate here in dispute be sold? and (2) Assuming that the property does constitute a burdensome asset whose sale is warranted, should the proceeds from the sale remain impressed with joint-tenancy interest, or should there be a severance of that estate? *These issues are not litigable in partition.* They can only be resolved in an antecedent adversarial guardianship proceeding. An order of the trial court which authorizes the guardian to sell a joint asset with or without severance of the joint-tenancy estate in the proceeds is appealable by right.[3]

An incompetent joint tenant, unlike one who is *sui juris*,[4] cannot elect to sever joint ownership in property regardless of the willingness of the cotenant. This is so because one who is *non compos mentis* is deemed incapable of exercising any civil right or power of election.[5] Any attempt by the ward to so act while his status remains that of an incompetent is void.[6] Neither may a guardian, in the absence of judicial authority validly given, institute an action to partition the joint property. While a guardian stands charged with the management and protection of the estate, he has no legal right to exercise the ward's discretionary powers in the ward's property.[7]

The guardian's argument that the right of a cotenant to partition is absolute[8] clearly does not apply to the present case. Here the action was instituted by the guardian of an incompetent joint tenant against a *sui juris* joint tenant rather than

---

2. A judgment is void on its face when mere inspection of the judgment roll will demonstrate its invalidity. *Kolp v. State ex rel. Commissioners of Land Office,* Okl., 312 P.2d 483, 485 [1957]. A void order may be attacked collaterally. *Chancellor v. Tenneco Oil Co.,* Okl., 653 P.2d 204, 206 [1982].

3. The terms of 58 O.S.1981 § 721(5) and (9) provide in pertinent part:
"An appeal may be taken from the following judgments or orders of the district court: * * * 5. *Against or in favor of directing the partition,* sale or conveyance of real property; * * * 9. From any other judgment, decree or order of the court in a probate cause, or of the judge thereof, affecting a substantial right." [emphasis ours]. See also *In re Billy,* 34 Okl. 120, 124 P. 608, 609 [1912].

4. The right of a competent cotenant to seek severance of a joint estate by a partition suit is statutorily prescribed. 12 O.S.1981 § 1501 et seq. See also *Prusa v. Cermak,* Okl., 414 P.2d 297, 299 [1966].

5. *Nichols v. Clement Mortgage Co.,* 112 Okl. 155, 241 P. 167, 170 [1926]; *Fixico v. Ming,* 176 Okl. 358, 55 P.2d 1027, 1028–1029 [1936]; *Hendricks v. Grant County Bank,* Okl., 379 P.2d 693, 697 [1963]; see also *Edwards v. Edwards,* 106 So.2d 558, 561–562 [Fla.1958]; *Develan v. Thom,* 244 S.W.2d 551, 555–556 [Tex.Civ.App.1951]; and *Hartman v. Duffield,* 148 W.Va. 224, 134 S.E.2d 521, 523 [1964].

6. *Nichols v. Clement Mortgage Co.,* supra note 5 and *Fixico v. Ming,* supra note 5.

7. Both legal and beneficial title to property of an incompetent ward is in the ward rather than in the guardian. 30 O.S.1981 §§ 15, 16; 58 O.S.1981 § 853; *Hendricks v. Grant County Bank,* supra note 5; *Cooper v. Hembree,* 194 Okl. 465, 152 P.2d 695, 697 [1944].
In the absence of authorization by the court, the guardian of an incompetent is without power to bind the ward's estate by contract except for necessaries authorized by statute. 15 O.S.1981 §§ 22, 24; *Fixico v. Ming,* supra note 5.

8. *Diehl v. Hieronymus,* Okl., 426 P.2d 368 [1967]; *Wilson v. Hartman,* Okl., 545 P.2d 742 [1976].
The absolute right to partition attaches to a plaintiff who is *sui juris.* Whether the guardian may assert a right to partition is to be decided by the court having supervision over him and over the ward's estate. If the plaintiff is *sui juris,* there appears to be no reason for a pre-partition severance proceeding. See *Hall v. Hamilton,* 233 Kan. 880, 667 P.2d 350, 353–355 [1983].

by one or more *sui juris* cotenants. Where a competent person creates a joint tenancy in another and his status is later changed, the guardian cannot sever and then appropriate a share of the joint estate—whether it be a liquid asset or real property [9]—unless the proceeds are judicially found to be necessary for the support of the ward.[10] If funds are not required for the ward's maintenance, the jointly-held asset, if found to be burdensome or wasting, can nonetheless be sold. When court-directed conversion of realty to personalty does occur, it need not necessarily result in a termination of the joint-tenancy ownership regime.[11] The sale may be ordered to be effected *either with or without* severance of the joint title in the proceeds.

Because proper antecedent predicate had not been laid in guardianship, the partition proceeding was ineffective and the decree ordering it is reversible. The trial court's decree ordering partition and severance lacked proper foundation. In short, it was premature. Inasmuch as the opinion of the Court of Appeals appears to be overly restrictive in its scope, we vacate it. If left undisturbed, that opinion would leave the guardian of a necessitous ward, or one holding a burdensome asset, at a loss to know what procedure to invoke for authority to sell a jointly-held asset in an effort either to provide the ward with needed funds or to relieve her estate of some draining maintenance expenses. Our task here is to provide the bench and bar with meaningful guidance on how a joint-tenancy asset in guardianship may be partitioned and sold with or without termination of the existing ownership regime. The trial court's decree is accordingly reversed and the cause remanded with directions that, anterior to any future partition action, two critical *guardianship issues* must be tendered and resolved in a hearing held upon due notice to the *sui juris* joint tenant. If

these issues be contested, an adversary proceeding should be conducted.

BARNES, C.J., and HODGES, LAVENDER, DOOLIN, WILSON and KAUGER, JJ., concur.

SIMMS, V.C.J., and HARGRAVE, J., dissent.

---

**9.** The quantum of ownership is properly litigable in partition.

**10.** *Fixico v. Ming,* supra note 5; see also *Minnehan v. Minnehan,* 336 Mass. 668, 147 N.E.2d 533, 535 [1958].

**11.** See *In re Wszolek Estate,* 112 N.H. 310, 295 A.2d 444, 448 [1972]; *Weise v. Kizer,* 435 So.2d 381, 382 [Fla.App.1983]; Annot., 64 A.L.R.2d 918, 952.