**In the Matter of the GUARDIANSHIP Of Maxine Lowery RANDOLPH, an Incompetent Person.**

**James T. RANDOLPH, Appellee,**

**v.**

**The GUARDIANSHIP OF Maxine Lowery RANDOLPH, an incompetent person, by Helen WEAVER, co-guardian, Appellant.**

**Nos. 76764, 76765.**

Court of Appeals of Oklahoma, Division No. 3.

March 24, 1992.

---

**5.** *Johnson,* 569 P.2d at 981; *Bomford,* 440 P.2d at 718–720.

**6.** See, footnote 5.

**7.** *Bomford,* 440 P.2d at 718.

John M. Crockett, Pryor, for appellant.
Stratton Taylor, Claremore, for appellee.

## MEMORANDUM OPINION

HANSEN, Vice–Chief Judge:

Appellant Guardianship of Maxine Lowery Randolph, by co-guardian Helen Weaver, seeks review of the trial court's order directing partition of certain joint tenancy property. We affirm.

Appellee, James Randolph, is the husband of Maxine Randolph. The real property ordered partitioned was inherited by Maxine Randolph. She conveyed the property to James and herself as joint tenants after their marriage.

Maxine Randolph was subsequently declared incompetent. James Randolph and Helen Weaver were appointed co-guardians of her person and estate. Shortly after the guardianship was established, the co-guardians moved for authority to sell one of several parcels of real property held by Maxine and James Randolph in joint tenancy. Prior to Maxine Randolph being found incompetent, the Randolphs had entered into a contract for deed to sell the property. Pursuant to the court's approval, the property was sold. The proceeds thereafter remained on deposit in joint tenancy at all times pertinent to this appeal.

Approximately five months after the initial sale of property was authorized, James Randolph filed a Petition to Partition Joint Tenancy Property in the guardianship proceedings. This petition was filed by James Randolph individually, rather than as co-guardian. The petition described the real property to be partitioned and noted it was held in joint tenancy. James Randolph asserted in the petition that partition was necessary to support Maxine Randolph, but that he had an absolute right to partition even if the court found partition was not necessary for such support.

After briefing and argument on the petition, the probate court entered findings of fact and conclusions of law. There was no explicit order or judgment entered, but among the findings of fact was the following:

8. James T. Randolph, Co–Executor (sic) and joint tenant is a Sui Juris Plaintiff. Therefore there is no need for a Pre–partition Severance Hearing.

The probate court further concluded a *sui juris* (legally competent) plaintiff did have an absolute right to partition of joint tenancy property, and could elect to sever the joint tenancy regardless of the willingness of the cotenant. See, *Prickett v. Moore*, 684 P.2d 1191 (Okla.1984). The court also inferentially recognized James Randolph's individual capacity by finding the co-guardianship would protect Maxine Randolph's interests if a partition action were filed.

Co-guardian appealed from the findings of fact and conclusions of law. The Supreme Court dismissed that appeal on its own motion, finding it to be premature because it only authorized, but did not grant, the partition such as would be an appealable decision under 58 O.S. 1981 § 721 and *Prickett v. Moore, supra.* The dismissal was "without prejudice to urging the errors sought to be asserted in a timely appeal from the final decision or appealable interlocutory decisions in the case".

However, there were no further proceedings, relevant to this appeal, in the probate court sitting in guardianship. Rather, James Randolph initiated a new and separate civil action with a second Petition to Partition Joint Tenancy Property.

In the civil action, co-guardian Helen Weaver represented Guardianship and again opposed partition. After hearing evidence and argument, the trial court ordered the property partitioned, including the proceeds from the sale of real property approved by the probate court. Division was ordered in equal shares.

Co-guardian now purports to appeal from the decisions of both the guardianship and civil proceedings. However, we have no decision before us from the guardianship proceedings, which was issued subsequent to the guardianship decision the Supreme Court found to be premature. We therefore find there is no final or appealable interlocutory decision "in the (guardianship) case". The Supreme Court's order dismissing the initial appeal from the guardianship proceedings remains the law of the case.

■ While the two proceedings were consolidated for review on appeal, we may nonetheless consider only those issues arising from the appealable action, that is, the order of the trial court in the civil action directing partition. The effect of this holding is tempered by the considerable commonality of issues in the two proceedings.

■ Were it not for the marital and guardianship/ward relationships of the joint tenants, this Court would need look no farther than *Prickett v. Moore, supra,* to affirm the efficacy of the partition action. The Supreme Court, in *Prickett* at 1194, clearly expressed the Oklahoma law giving a competent cotenant the absolute right to partition. *Prickett* is further instructive in that the Supreme Court there constrains severance of a joint tenancy only where the action to do so is initiated on behalf of one who is *non compos mentis.* In the matter before us, the action was not initiated by the guardianship.

However, Appellant asks us to put aside *Prickett,* and decide this appeal on the basis of a suggested public policy in this state against division of property acquired during marriage, in the absence of divorce. Appellant provides no legal authority expressly delimiting partition of a joint tenancy where the cotenants are married. Without addressing each of the suggested analogs Appellant puts forth, we find them unpersuasive.

The more significant public policy concern in our view would be the chilling effect on guardianships, if married joint tenants found their assets effectively frozen in the guardianship estate. We find nothing to convince us either the Legislature or the Supreme Court would intend such a result.

■ Appellant Guardianship next alleges error because the trial court allowed partition without requiring a showing of need or that the assets were burdensome, and without ordering the manner of ownership after partition. Appellant cites *Prickett v. Moore* in support of its contentions. Appellant's reliance on *Prickett* is misplaced. In that case, the partition action was initiated by the guardianship, and the Supreme Court was compelled to protect the interests of the guardianship estate. The requisite findings in *Prickett* are inapplicable where a competent cotenant seeks the severance. Despite Appellant's repeated assertions to that effect, the record, when read as a whole, is clear that James Randolph was *not* seeking partition in his capacity as guardian.

■ Appellant contends the trial court improperly refused to hear and consider evidence of fraud and oppression. Ineq-

uitable hardship and oppression, or the use of partition and oppression are defenses to an action for partition, but they are affirmative defenses with the burden of pleading and proof on the party seeking to interpose them. *Cox v. Lasley*, 639 P.2d 1219 (Okla.1982). Guardianship made no reference to fraud in its pleadings, but did allege inequitable hardship and oppression.

The evidence proffered by Appellant in the trial court had no relation to the property at issue there. There was no evidence of hardship, and it not having been pleaded, the trial court could not have properly considered evidence of fraud. The matters Guardianship attempted to raise addressed James Randolph's performance as guardian, and were not relevant to his civil partition proceedings. The trial court was correct in not hearing such matters.

Finally, Appellant contends the homestead of the parties should not have been ordered partitioned. Appellee acknowledges a homestead held in joint tenancy may not be partitioned, except on showing of need, but asserts the Randolph homestead was not included in the petition, nor in the order here on appeal. There is no evidence to establish the homestead was partitioned.

Appellant attempted to bring in such evidence on direct and cross examination, but the witnesses did not know the legal description of that property, or if it was among the property described in the petition. In the absence of evidence to the contrary, we will presume the trial court acted correctly.

Finding no error of law, and sufficient competent evidence to support the trial court's judgment, it is AFFIRMED.

HUNTER and JONES, JJ., concur.